**IN THE COURT OF APPEALS OF IOWA**

No. 22-1100
Filed March 29, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATTHEW LEE MOORE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

Matthew Moore appeals the restitution order imposed by the district court following his guilty plea to third-degree burglary.  **WRIT ANNULLED.**

Alexander Smith of Parrish, Kruidenier, Dunn, Gentry, Brown, Bergmann & Messamer, L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

Matthew Moore pled guilty to third-degree burglary in connection with a thrift store break-in that resulted in the theft of two cash drawers and money from a safe. Iowa Code §§ 713.1, 713.6A(1) (2020). The district court sentenced him to prison and ordered him to pay "restitution in the amount of $2,650.39."

Moore objected to the restitution order. Following a hearing, the court itemized the restitution amounts and entered a new restitution order as follows:

> Reimbursement for Stolen Cas[h] - $650.00
> Reimbursement for Two Stolen Cas[h] Drawers - $91.22
> Reimbursement for Door Repair and Broken Locks - $272.74
> Reimbursement for Lost Sales Revenue - $1,650.00
>
> Total amount owed by [Moore] to Overflow Thrift Store - $2,663.96.

Moore filed a notice of appeal.

The State asks us to dismiss the appeal. In its view, "There is no right to appeal following [a restitution] hearing challenging a previously imposed restitution order," and we should decline to treat Moore's appeal as a petition for writ of certiorari "because no argument in favor of granting certiorari review has been made."

The State is correct that Moore did not have a right of direct appeal from the postsentencing restitution order. *See State v. Patterson*, 984 N.W.2d 449, 454 (Iowa 2023). His means of seeking review was by petition for writ of certiorari. *See* Iowa Code §§ 910.3(10) ("A permanent restitution order entered after the time of sentencing shall only be challenged pursuant to section 910.7."), 910.7(5) ("Appellate review of a district court ruling under this section [addressing review of restititution plans] shall be by writ of certiorari."); *Patterson*, 984 N.W.2d at 454;

*State v. Hawk*, 952 N.W.2d 314, 319 (Iowa 2020) ("Section 910.7 provides the mechanism for addressing restitution not ordered at the time of sentencing . . . ."). But Moore's failure to file a certiorari petition does not foreclose review. *See* Iowa Ct. R. 6.108 (requiring appellate courts to "proceed as though the proper form of review had been requested"); *Dorsey v. State*, 975 N.W.2d 356, 360 (Iowa 2022) ("[W]hen a case is initiated by a notice of appeal, but another form of review is proper, we need not dismiss the action and may proceed instead as though the proper form of review was requested."). We will simply treat his notice of appeal as a petition for writ of certiorari. We grant the petition and proceed to the merits. *State v. Tesch*, No. 21-1827, 2023 WL 1814773, at *6 (Iowa Ct. App. Feb. 8, 2023).

Moore contends the district court's restitution order required him to "overpay for the lost money in the safe and for lost sales revenue." Our review of the district court's fact findings is for substantial evidence. *See State v. Waigand*, 953 N.W.2d 689, 694 (Iowa 2021).

It is undisputed that all the money in the store's safe was gone following the burglary. The district court found "per store policy the safe would have had $350." Moore points to a police report prepared shortly after the burglary that stated the amount in the safe was likely $160 to $180. The reporting officer attributed the estimate to the store's executive director.

At trial, the director acknowledged her statement to police. She explained that, at the time of the burglary, the store "did not have a system of tracking how much was in the safe" but it was the store's policy to keep $350 for miscellaneous expenses. The district court's choice of that figure over the figure contained in the police report was supported by substantial evidence.

The same is true of the district court's calculation of lost sales revenue caused by the burglary. The burglary occurred on a Saturday. The executive director testified the store was normally closed on Sunday and Monday and it remained closed on Tuesday because "there was a lot of emotional processing that needed to happen, and our staff just didn't have time, and I didn't have time to really do that." She also noted that the door through which Moore entered the store "wasn't fixed yet, and we couldn't open with a broken door in the back of our store." While a sales receipt showed the door lock was replaced on Monday, a witness testified "they repaired the door on that Tuesday." The district court acted well within its purview by crediting the executive director's testimony. *See State v. Mischke*, No. 19-1510*, 2022 WL 246244, at *6 (Iowa Ct. App. Jan. 27, 2022); *State v. Williams*, No. 15-1194, 2016 WL 1359060, at *2 (Iowa Ct. App. Apr. 6, 2016). The court also accepted her calculation of lost sales for the day, which included an eleven-percent deduction for a COVID-related drop in sales. We conclude the court's assessment was reasonable. *See State v. Roache*, 920 N.W.2d 93, 104 (Iowa 2018) ("We will not find the restitution order is excessive if it bears a reasonable relationship to the damage caused.").

We annul the writ of certiorari challenging the district court's postsentencing restitution award.

**WRIT ANNULLED.**